IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Janet Deloris Nelson Johnson c/o Timothy Darrell Johnson, Jr., | ) C/A No. 2:14-102-RMG-BM )  ) |
| Plaintiff, | ) ) |
| vs. | ) **REPORT AND RECOMMENDATION** ) |
| City of North Charleston Police Department, | ) ) |
| Defendant. | ) ) ) |

Plaintiff, Janet Deloris Nelson Johnson ("Plaintiff"), proceeding pro se, filed a Complaint (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 240) in this case, on January 14, 2014. Plaintiff's Application has been construed and docketed as a Motion for Leave to Proceed in forma pauperis (ECF No. 4). Plaintiff has also submitted Pro Se Party's Answers to Local Rule 26.01 Interrogatories (ECF No. 3) and a proposed summons (ECF No. 5) for Defendant. A careful review has been made of the pro se Complaint (ECF No. 1) and the Motion for Leave to Proceed in forma pauperis (ECF No. 4), pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).

Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute also allows a district court to dismiss a case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be



granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915( e )(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989). Additionally, although this Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 173 (1980) (per curiam), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court, or that are otherwise not in a posture for proper litigation. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## DISCUSSION

In considering Plaintiff's filings, the undersigned notes that Plaintiff is attempting to assert a claim on behalf of her son, Timothy Darrell Johnson, Jr., against the Defendant City of North Charleston Police Department ("NCPD"). The Complaint alleges that Plaintiff's son was subjected to excessive force when he was brutally beaten by eight NCPD officers while being arrested, on January 14, 2012, for the alleged shooting of another NCPD officer. However, there is no indication in Plaintiff's pleadings that Plaintiff is an attorney. Therefore, even if Timothy were still a minor, which he apparently is not, Plaintiff, as his mother, may not litigate this claim on his behalf. See Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 400-01 (4th Cir.2005) ("An individual unquestionably has the right to litigate his own claims in federal court, before both the district and appellate courts . . . . The right to litigate for oneself, however, does not create a coordinate right to litigate for others. The reasoning behind this rule is two-fold: it protects the rights of those before the court, and jealously guards the judiciary's authority to govern those who practice in its

2

courtrooms . . . . We therefore join the vast majority of our sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court." (internal citations omitted)).

A person may represent his own interests by proceeding pro se, therefore, Timothy D. Johnson, Jr. could potentially assert any claims he may have on his own behalf. However, Plaintiff, as his mother, and as a non-attorney, cannot take on this responsibility. The undersigned also notes that, pursuant to Rule 17(a)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), "[a]n action must be prosecuted in the name of the real party in interest," which in this case appears to be Timothy D. Johnson, Jr. Therefore, Timothy D. Johnson, Jr. must bring this case in his own right, or Plaintiff must show that he lacks the legal capacity to bring it and that she is authorized to bring suit on his behalf. However, as explained above, even if Plaintiff, as his mother, were authorized to sue in her name for him, she still may not litigate this case without an attorney. See Myers, 418 F.3d at 400; Davis, 2013 WL 3441794, at *2; Monk, 2012 WL 7991330 *4, n. 6. Hence, absent the entry of an appearance by counsel, the claim asserted in this case by Plaintiff should be summarily dismissed, without prejudice, under 28 U.S.C. § 1915(e)(2)(B). See Davis v. Close, 2013 WL 3441794, at *2 (M.D.N.C. July 09, 2013); Monk v. North Carolina, 2012 WL 7991330, at *4, n.6 (E.D.N.C. Dec.31, 2012); Verbal v. Krueger, 2010 WL 276644 (M.D.N.C.2010).

To the extent that Plaintiff attempts to assert a claim on her own behalf, as a result of Defendants' alleged use of excessive force in arresting her son, Plaintiff lacks standing to bring such a claim in this Court. It is well established that, before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court. Whitmore v. Arkansas, 495 U.S. 149, 155 (1990). Article III of the Constitution gives federal courts jurisdiction only over "cases and



3

controversies," U.S. Const. art. III, § 2, cl. 1, and the doctrine of standing identifies disputes appropriate for judicial resolution. See Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471-76 (1982). There are two parts of standing. While Article III standing ensures that a suit presents a "case" or "controversy" as noted above, "prudential standing" encompasses "judicially self-imposed limits on the exercise of federal jurisdiction." Allen v. Wright, 468 U.S. 737, 751 (1984).

   To have Article III standing, Plaintiff must be able to show that: (1) she suffered an actual or threatened injury that is concrete, particularized, and not conjectural; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable decision. Miller v. Brown, 462 F.3d 312, 316 (4th Cir. 2006) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). "The party invoking federal jurisdiction bears the burden of establishing these elements." Lujan, 504 U.S. at 561. Here, Plaintiff's allegations do not satisfy the three prongs under Article III. Plaintiff's allegations also fail to establish that she has prudential standing, in that "a plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975). While the standing doctrine's prudential dimensions are not as definite as its constitutional dimensions, the Supreme Court has explained that "prudential standing encompasses 'the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.'" Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 12 (2004) (quoting Allen, 468 U.S. at 751).; see also Doe v. Va. Dept. Of State Police, 713 F.3d 745, 753 (4th Cir. 2013).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's Complaint (ECF No. 1) be summarily dismissed, without prejudice, and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

February 11, 2014
Charleston, South Carolina

5

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



6